# EXHIBIT 5

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

ZENIMAX MEDIA INC. and ID SOFTWARE LLC
*Plaintiff*
v.
OCULUS VR, LLC; PALMER LUCKEY; and FACEBOOK, INC.
*Defendant*

Civil Action No. 3:14-cv-01849-P

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Samsung Electronics America, Inc., 85 Challenger Rd, Ridgefield Park, NJ 07660

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A.

| Place: Haltom & Doan, 4975 Preston Park Blvd., Suite 625<br>Plano, TX 75093 | Date and Time:<br>07/06/2016 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically and by video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Schedule B. Documents to be produced no later than June 27, 2016 at 4:00 p.m CDT to:
Haltom & Doan, 4975 Preston Park Blvd., Suite 625, Plano, TX 75093

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/09/2016

*CLERK OF COURT*

OR

/s/ Jennifer H. Doan

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ZeniMax Media Inc. and id Software LLC , who issues or requests this subpoena, are:

Jennifer Doan, Haltom & Doan, 6500 Summerhill Rd., Suite 100, Texarkana, TX 75503

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:14-cv-01849-P

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________

______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## TOPICS
**(subject to the "Definitions" set forth below)**

1. Documents, Communications and information received from or exchanged with Oculus regarding virtual reality technology provided by Oculus to Samsung.

2. Documents, Communications and information received from or exchanged with Facebook regarding virtual reality technology provided by Oculus to Samsung.

3. Documents, Communications and information regarding any agreements and contracts between Oculus and Samsung regarding virtual reality technology provided by Oculus to Samsung.

4. Documents, Communications and information regarding any agreements and contracts between Facebook and Samsung regarding virtual reality technology provided by Oculus to Samsung.

5. All Documents, Communications and information concerning any representations or warranties made by Oculus in connection with virtual reality technology provided by Oculus to Samsung.

6. All agreements between Oculus and Samsung related to virtual reality technology provided by Oculus to Samsung.

7. All agreements between Facebook and Samsung related to virtual reality technology provided by Oculus to Samsung.

8. All source code that integrates, incorporates, or otherwise contains Oculus source code related to virtual reality technology provided by Oculus to Samsung.

9. All revenue received from products utilizing virtual reality technology provided by Oculus to Samsung.

10. Each and every demonstration (including, but not limited to, demonstrations of the Oculus Rift) that Oculus provided to Samsung related to virtual reality, including the date, the individuals present, the virtual reality technology used, and the content shown.

11. All Communications between Oculus and Samsung regarding ZeniMax, id Software, this litigation (*ZeniMax Media Inc. and id Software LLC v. Oculus VR, LLC, Palmer Luckey, Facebook, Inc., Brendan Iribe, and John Carmack* (N.D. Tex, 3:14-cv-01849-K)), non-disclosure agreements, and/or ZeniMax virtual reality technology.

# DEFINITIONS

1. As used herein, the term "Communications" means any contact or the transmittal of any information in the form of facts, ideas, inquiries, or otherwise, whether formal or informal, oral or documentary, electronic or in writing, by video, telephone, or in any other form. Communications include but are not limited to messages, e-mail, facsimiles, file transfers, message board posts and private messages, internet communications, internal or external memoranda, notes, meetings, calls, audio or visual messages or recordings, and cellular telephone messaging (*e.g.*, text messaging).

2. As used herein, the term "Documents" is used in its broadest sense and includes, without limitation, original and all non-identical copies (including drafts and those with any notations) of all documents, writings, recordings, and photographs of the type designated in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001. The term Documents encompasses materials in digital form, including, without limitation, e-mail, electronically stored documents, and other records on any device such as desktop or laptop computer, portable hard-drive or thumb-drive, mobile phone, or smart phone (e.g., Blackberry or iPhone). The term Document includes, but is not limited to, any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual report, financing statement, audit report, tax return, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, and data sheet, however produced.

3. As used herein, the term "Plaintiffs" refers to ZeniMax Media Inc. ("ZeniMax") and/or id Software LLC ("id Software"), as relevant.

4. As used herein, "Defendant(s)" refers to, as relevant, Palmer Luckey; Oculus VR, LLC and its corporate predecessors, including Oculus VR, Inc. and Oculus LLC ("Oculus"); Facebook, Inc. ("Facebook"); Brendan Iribe; and/or John Carmack.

5. As used herein, “Samsung” refers to Samsung Electronics America, Inc.

6. As used herein, references to any legal entity shall include, in addition to the entity, any agent, representative, officer, member, director, employee, consultant, partner, corporate parent, subsidiary, attorney, superior, principal, or affiliate thereof.

7. As used herein, the term "regarding" mean in whole or in part, directly or indirectly, referring to, relating to, material to, affecting, considering, embodying, concerning, showing, comprising, reflecting, identifying, stating, dealing with, commenting on, responding to, describing, involving, discussing, recording, supporting, or negating a given subject matter.

8. As used herein, the term "any" or "each" shall be construed to include "all."

9. As used herein, the use of the term "the" shall not be construed as limiting the scope of any Request.

10. As used herein, the singular also includes the plural, and vice-versa.

11. All other terms and definitions are to be interpreted in their ordinary sense.

# SCHEDULE B

## DOCUMENTS REQUESTED
**(subject to the "Definitions" and "Instructions" set forth below)**

1. Documents, Communications and information received from or exchanged with Oculus regarding virtual reality technology provided by Oculus to Samsung.

2. Documents, Communications and information received from or exchanged with Facebook regarding virtual reality technology provided by Oculus to Samsung.

3. Documents, Communications and information regarding any agreements and contracts between Oculus and Samsung regarding virtual reality technology provided by Oculus to Samsung.

4. Documents, Communications and information regarding any agreements and contracts between Facebook and Samsung regarding virtual reality technology provided by Oculus to Samsung.

5. All Documents, Communications and information concerning any representations or warranties made by Oculus in connection with in connection with virtual reality technology provided by Oculus to Samsung.

6. Executed copies of all agreements between Oculus and Samsung related to virtual reality technology provided by Oculus to Samsung.

7. Executed copies of all agreements between Facebook and Samsung related to virtual reality technology provided by Oculus to Samsung.

8. All source code that integrates, incorporates, or otherwise contains Oculus source code related to virtual reality technology provided by Oculus to Samsung.

9. Documents sufficient to identify revenue received from products utilizing virtual reality technology provided by Oculus to Samsung.

10. Documents sufficient to identify each and every demonstration (including, but not limited to, demonstrations of the Oculus Rift) that Oculus provided to Samsung related to virtual reality, including the date, the individuals present, the virtual technology used, and the content shown.

11. All Communications between Oculus and Samsung regarding ZeniMax, id Software, this litigation (*ZeniMax Media Inc. and id Software LLC v. Oculus VR, LLC, Palmer Luckey, Facebook, Inc., Brendan Iribe, and John Carmack* (N.D. Tex, 3:14-cv-01849-K)), non-disclosure agreements, and/or ZeniMax virtual reality technology.

## DEFINITIONS

1. As used herein, the term "Communications" means any contact or the transmittal of any information in the form of facts, ideas, inquiries, or otherwise, whether formal or informal, oral or documentary, electronic or in writing, by video, telephone, or in any other form. Communications include but are not limited to messages, e-mail, facsimiles, file transfers, message board posts and private messages, internet communications, internal or external memoranda, notes, meetings, calls, audio or visual messages or recordings, and cellular telephone messaging (*e.g.*, text messaging).

2. As used herein, the term "Documents" is used in its broadest sense and includes, without limitation, original and all non-identical copies (including drafts and those with any notations) of all documents, writings, recordings, and photographs of the type designated in Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001. The term Documents encompasses materials in digital form, including, without limitation, e-mail, electronically stored documents, and other records on any device such as desktop or laptop computer, portable hard-drive or thumb-drive, mobile phone, or smart phone (e.g., Blackberry or iPhone). The term Document includes, but is not limited to, any book, pamphlet, periodical, letter, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, annual report, financing statement, audit report, tax return, record, study, handwritten note, drawing, working paper, chart, index, tape (audio or visual), microfilm, and data sheet, however produced.

3. As used herein, the term "Plaintiffs" refers to ZeniMax Media Inc. ("ZeniMax") and/or id Software LLC ("id Software"), as relevant.

4. As used herein, "Defendant(s)" refers to, as relevant, Palmer Luckey; Oculus VR, LLC and its corporate predecessors, including Oculus VR, Inc. and Oculus LLC ("Oculus"); Facebook, Inc. ("Facebook"); Brendan Iribe; and/or John Carmack.

5. As used herein, “Samsung” refers to Samsung Electronics America, Inc.

6. As used herein, references to any legal entity shall include, in addition to the entity, any agent, representative, officer, member, director, employee, consultant, partner, corporate parent, subsidiary, attorney, superior, principal, or affiliate thereof.

7. As used herein, the term "any" or "each" shall be construed to include "all."

8. As used herein, the use of the term "the" shall not be construed as limiting the scope of any Request.

9. As used herein, the singular also includes the plural, and vice-versa.

10. All other terms and definitions are to be interpreted in their ordinary sense.

**INSTRUCTIONS**

A. This subpoena relates to all materials in your possession, custody, or control, including materials in the possession, custody, or control of your predecessors or successors in interest, assigns, affiliates, parents, subsidiaries, segments or divisions thereof, present or former employees, agents, representatives, present and former attorneys, and any other person acting on your behalf.

B. If records for the entire requested time period or any portion of the requested time period have been destroyed, provide those records which are in existence.

C. In the event that any document has been destroyed, lost, discarded or otherwise disposed of within the twelve months preceding the date of this request, any such document is to be identified as completely as possible, including, without limitation, the following information:

date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

D. If any document is withheld by reason of a claim of privilege, including but not limited to attorney-client privilege, attorney work product, and/or spousal privilege, a list is to be furnished at the time that documents are produced.

E. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, this Request shall be deemed continuing so as to require further and supplemental production if the person or entity served herewith obtains additional documents responsive hereto.