# EXHIBIT 6

SAMSUNG

**SAMSUNG ELECTRONICS AMERICA, INC**
85 Challenger Road
Ridgefield Park, NJ 07660-0511
Tel: 201-229-4000

**BY E-MAIL (jdoan@haltomdoan.com) AND FIRST CLASS MAIL**

June 22, 2016

Jennifer H. Doan, Esq.
Haltom & Doan
4975 Preston Park Boulevard, Suite 625
Plano, Texas 75093

**RE: *Zenimax Media Inc. v. Oculus VR, LLC***
**Civil Action No. 3:14-cv-01849-P (N.D. Tex.)**

***Samsung Electronics America, Inc.'s Objections to Plaintiff ZeniMax Media Inc.'s Subpoena to Produce Documents and Testify at a Deposition***

Dear Ms. Doan:

This letter responds to the subpoena, served by Plaintiff ZeniMax Media Inc. ("ZeniMax") on non-party Samsung Electronics America, Inc. ("SEA") on June 9, 2016, to produce documents and to testify in a civil action.

## I. SEA'S GENERAL OBJECTIONS TO ZENIMAX'S SUBPOENA

SEA incorporates by reference the following General Objections within each response and objection to individual document requests and topics for examination, and all responses and objections to individual document requests, topics for examination, and Definitions are made subject to and without waiving these objections.

1. SEA objects to the subpoena to the extent it purports to impose discovery obligations on SEA that are broader than, or inconsistent with, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any other applicable court rule or statute.

2. SEA objects to the subpoena because its deadline of June 27, 2016 for SEA's production of documents identified in Schedule B is facially unreasonable and unduly burdensome, on that basis alone, renders the subpoena in its entirety improper.

3. SEA objects to Definition Nos. 5 and 6 of both Schedule A and B as overbroad, unduly burdensome, vague, and ambiguous, particularly to the extent the definitions improperly call for SEA to produce information not in its possession, custody,

or control. For the purpose of responding to this subpoena, SEA interprets "Samsung," to mean Samsung Electronics America, Inc. only, and no other entity or person.

4. SEA objects to the subpoena to the extent it fails to appropriately limit the geographical or temporal scope of the data requested.

5. SEA objects to the subpoena because it fails to offer any explanation at all regarding the relevance of the requested information to the underlying lawsuit. For example, ZeniMax did not provide SEA with a copy of its complaint in the suit or even a summary of its claims against the defendants. As such, the subpoena facially imposes an undue burden and expense on SEA and is therefore improper in its entirety.

6. SEA objects to each and every request to the extent that it is overly broad, unnecessary, unduly burdensome, and seeks information that is neither relevant nor proportional to the needs of the case. Moreover, SEA objects to the subpoena in its entirety because ZeniMax has failed to take any reasonable steps to avoid imposing undue burden or expense on SEA (*e.g.*, by narrowly tailoring its requests, seeking to obtain the requested information from parties to the lawsuit, or making any attempt to justify the relevance of its requests), and SEA reserves its right pursuant to Fed. R. Civ. P. 45(d) to seek redress for ZeniMax's failure to do so.

7. SEA objects to the subpoena to the extent it seeks information containing SEA's confidential or proprietary information pertaining to SEA's business, trade secrets, and/or economic relationships. For example, Request No. 8 seeks "[a]ll source code that integrates, incorporates, or otherwise contains Oculus source related to virtual reality technology provided by Oculus to Samsung." Likewise, Request No. 9 seeks "[a]ll revenue received from products utilizing virtual reality technology provided by Oculus to Samsung." SEA will not produce any documents or provide any information in the absence of a mutually-agreed confidentiality agreement. Moreover, SEA reserves the right to withhold certain information even after a confidentiality agreement is entered into because certain information is so sensitive that it should not be produced in any lawsuit—and particularly where, as here, there is no apparent basis for seeking the data from SEA.

8. SEA objects to each and every request to the extent that it seeks information that SEA is not permitted to disclose pursuant to confidentiality obligations to or nondisclosure agreements with third parties, or pursuant to a privacy right of a third party.

9. SEA objects to the document requests to the extent they purport to require SEA to produce documents or provide a witness without ZeniMax's agreement to pay SEA's costs of identifying, collecting, reviewing and producing such documents and preparing and offering a witness. SEA will not produce any documents or produce any witness for examination absent ZeniMax's agreement to pay SEA's costs associated with such discovery. The cost of identifying, collecting, reviewing and producing documents responsive to ZeniMax's sweeping requests or preparing a corporate

designee to address ZeniMax's sweeping topics for examination would be immense, and would impose an undue burden and expense on SEA.

10. SEA objects to each and every request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine. Such information shall not be provided in response to any request, and any inadvertent disclosure of such privileged information in response to the subpoena shall not be deemed a waiver of any applicable privilege or protection. SEA demands that ZeniMax, its agents, and its attorneys notify SEA of the production of any such documents immediately upon discovery of such documents, promptly return such documents to SEA, and immediately destroy any and all copies of such documents in their possession.

11. SEA objects to each and every request to the extent that it seeks information and documents not in SEA's knowledge, possession, custody, or control, or refers to persons, entities, or events not known to SEA on the grounds that such requests require more of SEA than any obligation imposed by law, would subject SEA to unreasonable and undue annoyance, oppression, burden, and expense, and/or would seek to impose on SEA an obligation to investigate or discover information or materials from third parties or services who are equally accessible to ZeniMax. In particular, SEA objects to the subpoena because the vast majority of the information requested can and should be sought from parties to the lawsuit—specifically, Oculus and Facebook—and not SEA.

12. No objection or limitation, or lack thereof, or statement that SEA will produce non-privileged documents made in this response constitutes an admission as to the existence or nonexistence of "facts" set forth or assumed by the discovery requests or documents or information by SEA. The fact that SEA has answered part or all of any request is not intended to be, and shall not be construed to be, a waiver by SEA of any objection to any part of the request. Further, to the extent that SEA provides information pursuant to these discovery requests, SEA does not concede that the information provided is relevant, material, or non-privileged.

13. SEA objects to the subpoena in its entirety to the extent that it is vague, ambiguous, confusing, and contrary to the plain meaning of the terms involved.

14. SEA reserves all of its rights, including its right to supplement, amend, or correct any of its responses or objections to the subpoena and its right to object to the admissibility of any part of any document produced in response to any request or information contained in any such document.

15. SEA objects to the subpoena in its entirety to the extent that (a) the discovery sought by any request is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive, (b) the requested documents were previously produced by parties to the underlying lawsuit or other non-parties, (c) ZeniMax has obtained the material sought by any request in any other proceeding or pursuant to any other means (d) the documents

are a matter of public record or could be obtained from the files of the parties to the underlying lawsuit (or their counsel), or (e) the burden or expense of any demand outweighs its likely benefit.

16. SEA objects to each and every request to the extent that it (a) is compound, (b) is phrased disjunctively or conjunctively, (c) includes subparts in such a manner that is unduly burdensome, confusing, or cannot be reasonably answered, or (d) collectively exceeds the number of requests permitted by the applicable discovery order(s), Federal Rules of Civil Procedures, or local rules.

17. SEA objects to Definition No. 1, as found in both Schedule A and B. Specifically, SEA objects to this definition of the word "communications" to the extent that this definition conflicts with the Federal Rules of Civil Procedure, any Local Rule, or Court Order. SEA additionally objects to this term to the extent that it is vague, ambiguous, overbroad, unduly burdensome; seeks information that is not within the possession, custody, or control of SEA; or seeks information that is neither relevant to any claim or defense in this case, nor proportional to the needs of the case.

18. SEA objects to Definition No. 2, as found in both Schedule A and B. Specifically, SEA objects to this definition of the word "documents" to the extent that this definition conflicts with the Federal Rules of Civil Procedure, any Local Rule, or Court Order. SEA additionally objects to this term to the extent that it is vague, ambiguous, overbroad, unduly burdensome; seeks information that is not within the possession, custody, or control of SEA; or seeks information that is neither relevant to any claim or defense in this case, nor proportional to the needs of the case.

19. SEA objects to Definition No. 7, as found in Schedule A. Specifically, SEA objects to this definition of the word "regarding" to the extent that this definition conflicts with the Federal Rules of Civil Procedure, any Local Rule, or Court Order. SEA additionally objects to this term to the extent that it is vague, ambiguous, overbroad, unduly burdensome; seeks information that is not within the possession, custody, or control of SEA; or seeks information that is neither relevant to any claim or defense in this case, nor proportional to the needs of the case. To define the term "regarding" as meaning something as loose as "indirectly . . . dealing with" is vague and overbroad. Such a definition does not give SEA any guidance as to which documents or information ZeniMax is requesting. Moreover, such a definition renders the subpoena's specific requests unduly burdensome, as it would require a significant amount of time and expense for SEA to sift through an immeasurable amount of data and documents that do not specifically mention the subject matter of the specific request to determine, for example, whether any given document "indirectly . . . deal[s] with" the subject matter of a request.

## II. SEA'S RESPONSES AND OBJECTIONS TO THE SUBPOENA'S DOCUMENT REQUESTS (SCHEDULE B)

Subject to any specific objections set forth below, and specifically incorporating each of the foregoing General Objections into each Response below, and without waiving said objections, SEA responds as follows:

***Objections to Request to Produce No. 1***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this request, which seeks information "received from or exchanged with Oculus," because such information can and should be obtained from ***Oculus***, a party to the suit. For this reason alone, ZeniMax's request is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this request because terms such as "regarding" and "virtual reality technology" are vague and overly broad. SEA objects to this request to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the request to the extent it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested proprietary and highly confidential "Documents, Communications, and information from or exchanged with Oculus" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA also objects to the request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine. SEA further objects to the request because it is unlimited in temporal or geographic scope and, thus, improper.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

***Objections to Request to Produce No. 2***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take

reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this request, which seeks information "received from or exchanged with Facebook," because such information can and should be obtained from ***Facebook***, a party to the suit. For this reason alone, ZeniMax's request is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this request because terms such as "regarding" and "virtual reality technology" are vague and overly broad. SEA objects to this request to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the request to the extent it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested proprietary and highly confidential "Documents, Communications, and information from or exchanged with Facebook" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA also objects to the request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine. SEA further objects to the request because it is unlimited in temporal or geographic scope and, thus, improper.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

***Objections to Request to Produce No. 3***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this request because it seeks information "regarding any agreements and contracts between Oculus and Samsung," which can and should be obtained from ***Oculus***, a party to the suit. For this reason alone, ZeniMax's request is unnecessarily burdensome and not proportional to the needs of the case. SEA also objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA objects to this request because terms such as "regarding" and "virtual reality technology" are vague and overly broad. SEA further objects to this request to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA also

objects to the request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable law, privilege, protection, or doctrine. SEA further objects to the request to the extent it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested proprietary and highly confidential "Documents, Communications, and information regarding any agreements and contracts between Oculus and Samsung" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA further objects to the request because it is unlimited in temporal or geographic scope and, thus, improper.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

***Objections to Request to Produce No. 4***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this request because it seeks information "regarding any agreements and contracts between Facebook and Samsung," which can and should be obtained from ***Facebook***, a party to the suit. For this reason alone, ZeniMax's request is unnecessarily burdensome and not proportional to the needs of the case. SEA also objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA objects to this request because terms such as "regarding" and "virtual reality technology" are vague and overly broad. SEA further objects to this request to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA also objects to the request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable law, privilege, protection, or doctrine. SEA further objects to the request to the extent it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested proprietary and highly confidential "Documents, Communications, and information regarding any agreements and contracts between Facebook and Samsung" absent an appropriate protective order, which Zenimax did not

even mention in, much less include with, its subpoena. SEA further objects to the request because it is unlimited in temporal or geographic scope and, thus, improper.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

***Objections to Request to Produce No. 5***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this request because it seeks information "concerning any representations or warranties made by Oculus," which can and should be obtained from ***Oculus***, a party to the suit. For this reason alone, ZeniMax's request is unnecessarily burdensome and not proportional to the needs of the case. To the extent the request purports to seek information beyond what can be obtained from Facebook, SEA further objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this request because terms and/or phrases such as "concerning any representations or warranties made by Oculus," "regarding," and "virtual reality technology" are vague and overly broad. SEA also objects to the request to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine. SEA objects to this request to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the request to the extent it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested proprietary and highly confidential "Documents, Communications, and information concerning any representations or warranties made by Oculus" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA further objects to the request because it is unlimited in temporal or geographic scope and, thus, improper.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

***Objections to Request to Produce No. 6***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome,

unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this request, which seeks "[a]ll agreements between Oculus and Samsung," because such information can and should be obtained from ***Oculus***, a party to the suit. For this reason alone, ZeniMax's request is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this request because terms such as "related to" and "virtual reality technology" are vague and overly broad. SEA objects to this request to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the request because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested proprietary and highly confidential "agreements between Oculus and Samsung" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

***Objections to Request to Produce No. 7***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this request, which seeks "[a]ll agreements between Facebook and Samsung," because such information can and should be obtained from ***Facebook***, a party to the suit. For this reason alone, ZeniMax's request is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this request because terms such as "related to" and "virtual reality technology" are vague and overly broad. SEA objects to this request to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the request because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as

here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested proprietary and highly confidential "agreements between Facebook and Samsung" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

***Objections to Request to Produce No. 8***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this request, which seeks "source code that integrates, incorporates, or otherwise contains Oculus source code," because Oculus source code can and should be obtained from ***Oculus***, a party to the suit. Further, SEA is not a party to this case, and thus fails to see how Samsung source code could possibly be relevant to the case. To the extent ZeniMax needs Oculus's source code to prove its claims against Oculus, ZeniMax should obtain that source code from Oculus, not SEA. SEA also objects to this request because it seeks information that is not in SEA's possession, custody, or control, and is not kept by SEA in the ordinary course of business. SEA also objects to this request because terms and/or phrases such as "related to," "virtual reality technology," "source code," and "integrates, incorporates, or otherwise contains" are vague and/or overly broad. SEA further objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA further objects to the request because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested proprietary and highly confidential "source code" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

***Objections to Request to Produce No. 9***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, ZeniMax's request for "revenue received from products utilizing virtual reality technology" is vague and overly broad, at least because it is unclear what ZeniMax intends by the terms "utilizing" and "virtual reality technology" and which SEA products, if any, fall within the scope of Zenimax's request. SEA further objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. Revenue that *SEA* may have derived from "products utilizing virtual reality technology," regardless of how that phrase is defined, is irrelevant to a suit involving ZeniMax and *Oculus*. Further, to the extent that the benefit to Oculus of its provision of "virtual reality technology," however that term is defined, to Samsung is relevant to the suit between Zenimax and Oculus, that information can and should be obtained from ***Oculus***, a party to the suit. SEA further objects to this request to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the request because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested highly confidential revenue information absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA also objects to the request because, in addition to being vague, its request for "[a]ll revenue" is unlimited in temporal or geographic scope and, thus, improper.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

***Objections to Request to Produce No. 10***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this request, which seeks information "that Oculus provided to Samsung," because such information can and should be obtained from ***Oculus***, a party to the suit. For this reason alone, ZeniMax's request is unnecessarily burdensome and not proportional to the needs of the case. SEA further

objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this request because terms such as "demonstrations," "related to," and "virtual reality technology" are vague and overly broad. SEA objects to this request to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the request to the extent it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested proprietary and highly confidential "demonstration[s]" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA also objects to the request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

***Objections to Request to Produce No. 11***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this request because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's request violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this request, which seeks "[a]ll communications between Oculus and Samsung," because such information can and should be obtained from ***Oculus***, a party to the suit. For this reason alone, ZeniMax's request is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this request because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this request because terms such as "regarding," "non-disclosure agreements," and "ZeniMax virtual reality technology" are vague and overly broad. SEA objects to this request to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the request to the extent it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce the requested highly confidential "Communications" absent an appropriate

protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA also objects to the request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine. SEA further objects to the request because it is unlimited in temporal or geographic scope and, thus, improper.

In view of the foregoing general and specific objections, SEA responds that it will not produce documents in response to this request.

## III. SEA'S RESPONSES AND OBJECTIONS TO THE SUBPOENA'S REQUEST FOR EXAMINATION (SCHEDULE A)

Subject to any specific objections set forth below, and specifically incorporating each of the foregoing General Objections into each Response below, and without waiving said objections, SEA responds as follows.

***Objections to Topic No. 1***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this topic, which seeks information "received from or exchanged with Oculus," because such information can and should be obtained from ***Oculus***, a party to the suit. For this reason alone, ZeniMax's topic is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this topic because the terms "regarding" and "virtual reality technology" are vague and overly broad. SEA objects to this topic to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its topic in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested proprietary and highly confidential "Documents, Communications, and information from or exchanged with Oculus" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA also objects to the topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine.

In view of the foregoing general and specific objections, SEA responds that it will not produce a corporate representative to testify regarding this topic.

***Objections to Topic No. 2***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this topic, which seeks information "received from or exchanged with Facebook," because such information can and should be obtained from ***Facebook***, a party to the suit. For this reason alone, ZeniMax's topic is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this topic because the terms "regarding" and "virtual reality technology" are vague and overly broad. SEA objects to this topic to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its topic in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested proprietary and highly confidential "Documents, Communications, and information from or exchanged with Facebook" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA also objects to the topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine.

In view of the foregoing general and specific objections, SEA responds that it will not produce a corporate representative to testify regarding this topic.

***Objections to Topic No. 3***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this topic because it seeks information "regarding any agreements and contracts between Oculus and Samsung," which can and should be obtained from ***Oculus***, a party to the suit. For this reason alone,

ZeniMax's topic is unnecessarily burdensome and not proportional to the needs of the case. SEA also objects to the topic because it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable law, privilege, protection, or doctrine. SEA objects to this topic because the terms "regarding" and "virtual reality technology" are vague and overly broad. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA objects to this topic to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its topic in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested proprietary and highly confidential "Documents, Communications, and information regarding any agreements and contracts between Oculus and Samsung" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena.

In view of the foregoing general and specific objections, SEA responds that it will not produce a corporate representative to testify regarding this topic.

***Objections to Topic No. 4***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this topic because it seeks information "regarding any agreements and contracts between Facebook and Samsung," which can and should be obtained from ***Facebook***, a party to the suit. For this reason alone, ZeniMax's topic is unnecessarily burdensome and not proportional to the needs of the case. SEA also objects to the topic because it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or other applicable law, privilege, protection, or doctrine. SEA objects to this topic because the terms "regarding" and "virtual reality technology" are vague and overly broad. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA objects to this topic to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported

relevance of the information it requests or justify the reasonableness of its topic in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested proprietary and highly confidential "Documents, Communications, and information regarding any agreements and contracts between Facebook and Samsung" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena.

In view of the foregoing general and specific objections, SEA responds that it will not produce a corporate representative to testify regarding this topic.

***Objections to Topic No. 5***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this topic because it seeks information "concerning any representations or warranties made by Oculus," which can and should be obtained from ***<u>Oculus</u>***, a party to the suit. For this reason alone, ZeniMax's topic is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this topic because the terms and/or phrases "concerning any representations or warranties made by Oculus," "regarding," and "virtual reality technology" are vague and overly broad. SEA also objects to the topic to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA objects to this topic to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested proprietary and highly confidential "Documents, Communications, and information concerning any representations or warranties made by Oculus" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena.

In view of the foregoing general and specific objections, SEA responds that it will not produce a corporate representative to testify regarding this topic.

***Objections to Topic No. 6***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this topic, which seeks "[a]ll agreements between Oculus and Samsung," because such information can and should be obtained from ***Oculus***, a party to the suit. For this reason alone, ZeniMax's topic is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this topic because the terms "related to" and "virtual reality technology" are vague and overly broad. SEA objects to this topic to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested highly confidential "agreements between Oculus and Samsung" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena.

In view of the foregoing general and specific objections, SEA responds that it will not produce a corporate representative to testify regarding this topic.

***Objections to Topic No. 7***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this topic, which seeks "[a]ll agreements between Facebook and Samsung," because such information can and should be obtained from ***Facebook***, a party to the suit. For this reason alone, ZeniMax's topic is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this topic because the terms "related to" and "virtual reality technology" are vague and overly broad. SEA objects to this topic to the extent it seeks

information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested highly confidential "agreements between Facebook and Samsung" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena.

In view of the foregoing general and specific objections, SEA responds that it will not produce a corporate representative to testify regarding this topic.

***Objections to Topic No. 8***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this topic, which seeks "source code that integrates, incorporates, or otherwise contains Oculus source code," because Oculus source code can and should be obtained from ***<u>Oculus</u>***, a party to the suit. Further, SEA is not a party to this case, and thus fails to see how its source code, to the extent it exists, could possibly be relevant to the case. To the extent ZeniMax needs Oculus's source code to prove its claims against Oculus, ZeniMax should obtain that source code from Oculus, not SEA. SEA also objects to this topic because it seeks information that is not in SEA's possession, custody, or control, and is not kept by SEA in the ordinary course of business. SEA also objects to this topic because terms and/or phrases such as "related to," "virtual reality technology," and "source code" are vague and/or overly broad. These terms and phrases are vague and ambiguous because they are undefined and lack a common meaning. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested proprietary and highly confidential "source code" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena.

In view of the foregoing general and specific objections, SEA responds that it will not produce a corporate representative to testify regarding this topic.

***Objections to Topic No. 9***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, ZeniMax's topic for "revenue received from products utilizing virtual reality technology" is vague and overly broad, at least because it is unclear what ZeniMax means by the terms "utilizing" and "virtual reality technology." These terms and/or phrases are vague and ambiguous because they are undefined and lack a common meaning. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. Revenue that *SEA* has derived from "products utilizing virtual reality technology," regardless of how that phrase is defined, is irrelevant to a suit involving ZeniMax and ***<u>Oculus</u>***. Further, to the extent that the benefit to Oculus of its alleged provision of "virtual reality technology" to Samsung is relevant to the suit, that information can and should be obtained from *Oculus*, a party to the suit. SEA further objects to this topic to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested highly confidential revenue information absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA also objects to the topic because it is unlimited in temporal or geographic scope.

In view of the foregoing general and specific objections, SEA responds that it will not produce a corporate representative to testify regarding this topic.

***Objections to Topic No. 10***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this topic, which seeks information "that Oculus provided to Samsung," because such information can and should be obtained

from ***Oculus***, a party to the suit. For this reason alone, ZeniMax's topic is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this topic because the terms "demonstrations," "related to," and "virtual reality technology" are vague and overly broad. SEA objects to this topic to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested proprietary and highly confidential "demonstration[s]" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA also objects to the topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine.

In view of the foregoing general and specific objections, SEA responds that it will not produce a corporate representative to testify regarding this topic.

***Objections to Topic No. 11***

SEA incorporates by reference its General Objections as though set forth herein. SEA objects to this topic because it is vague, overbroad, unduly burdensome, unnecessary, and not proportional to the needs of the case. In multiple respects, ZeniMax's topic violates the requirement of Fed. R. Civ. P. 45(d) that ZeniMax "take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." For example, SEA objects to this topic, which covers "[a]ll communications between Oculus and Samsung," because such information can and should be obtained from ***Oculus***, a party to the suit. For this reason alone, ZeniMax's topic is unnecessarily burdensome and not proportional to the needs of the case. SEA further objects to this topic because it fails to provide any justification whatsoever for the relevance of the information requested, and on that basis alone is overly broad, unduly burdensome, unnecessary, irrelevant, and not proportional to the needs of the case. SEA also objects to this topic because the terms "regarding," "non-disclosure agreements," and "ZeniMax virtual reality technology" are vague and overly broad. SEA objects to this topic to the extent it seeks information that does not exist, is not in SEA's possession, custody, or control, or is not kept by SEA in the ordinary course of business. SEA further objects to the topic because it seeks SEA's proprietary and highly confidential information which should not be disclosed in this or any lawsuit—particularly where, as here, ZeniMax has made no attempt whatsoever to explain the purported relevance of the information it requests or justify the reasonableness of its request in accordance with the requirements of Fed. R. Civ. P. 45. To the extent such information

is in SEA's possession, custody, or control, SEA will not produce a corporate deponent to testify regarding the requested proprietary and highly confidential "Communications" absent an appropriate protective order, which Zenimax did not even mention in, much less include with, its subpoena. SEA also objects to the topic to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable law, privilege, protection, or doctrine.

In view of the foregoing general and specific objections and innumerable problems with the subpoena's deposition topics, SEA responds that it will not produce a corporate representative to testify regarding this topic.

* * *

Please contact me if you wish to discuss this matter further.

Very truly yours,

Ken Murata
Senior Legal Counsel
Tel: (201) 229-4230