UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE MATTER OF SUBPOENA SERVED ON SAMSUNG ELECTRONICS AMERICA, INC.** | ) ) ) | **No. 3:16-MC-98-K (Related Case No. 3:14-CV-1849-K)** |

# ORDER

Before the Court is ZeniMax Media, Inc. and id Software, LLC's (collectively, "ZeniMax") Emergency Motion to Compel Production of Documents and Deposition from Samsung Electronics America, Inc. [ECF No. 1] ("Motion to Compel") referred to the United States Magistrate Judge for determination. Electronic Order Referring Case, ECF No. 19. Upon consideration, the Motion to Compel [ECF No. 1] is GRANTED in part and DENIED in part.

In the Motion to Compel, ZeniMax seeks to compel Samsung Electronics America, Inc. ("Samsung") to produce documents and present a corporate representative for deposition in accordance with a subpoena served on June 9, 2016. Mot. to Compel 1, ECF No. 1. ZeniMax contends that Samsung and its corporate affiliates are the beneficiaries of the unlawful use of its confidential and proprietary information. *Id.*, ECF No. 1. ZeniMax contends that despite the fact that it has narrowed its topics as requested by Samsung, Samsung has not provided any information, has not stated whether information is being withheld, has not confirmed that the requested information exists, nor has produced the requested witness. *Id.* at 2 & 6, ECF No. 1. ZeniMax contends that Samsung has relevant information, because Samsung partnered with Oculus in 2014 to help with the development of the Samsung Gear VR. *Id.* at 5, ECF No. 1. ZeniMax states that Samsung has released three editions of the Gear VR, and the Gear VR is described by Samsung as being "powered by Oculus." *Id.* at 6, ECF No. 1. ZeniMax further states that through meet and confer efforts that spanned for over 6 weeks, it narrowed its requests to seek information narrowly tailored to

Samsung's use of Oculus provided source code or technology, Samsung's relationship with Oculus related to the Oculus Rift VR technology, and the relationship between, ZeniMax, Oculus, Facebook, and Samsung related to the VR technology at issue. *Id.* at 6, ECF No. 1. ZeniMax states that it has further restricted the relevant time period to 2013 through the present. *Id.* at 11, ECF No. 1.

Samsung argues in its response that ZeniMax's subpoena requires Samsung to launch a worldwide hunt for vaguely defined documents without regard to corporate formalities or right of control of the sought documents. Resp. 1, ECF No. 6. Samsung argues that it does not have a duty to produce information in response to the subpoena that is in the possession, custody, or control of other distinct entities such as its parent corporation, Samsung Electronics Co., Ltd. ("Samsung Korea"). Resp. 1, ECF No. 6. Samsung argues that if ZeniMax seeks information in the possession, custody, or control of other legal entities, it must properly serve that entity with a subpoena. Resp. 1, ECF No. 6. In addition, Samsung argues that the information sought is equally available from the defendants in the underlying lawsuit. Resp. 2, ECF No. 6. Furthermore, Samsung contends that collecting and producing the discovery ZeniMax seeks would be an enormous undue burden on Samsung and is not proportional to the needs of the underlying case. Resp. 2, ECF No. 6.

ZeniMax argues in its reply that the information sought here is not available from the defendants in the underlying case, because it is seeking information that the defendants are claiming they do not possess. Reply 4-5, ECF No. 11. ZeniMax also argues that Samsung is not entitled to reimbursement because it has repeatedly taken reasonable steps to avoid imposing an undue burden on Samsung. Reply 5, ECF No. 11. Samsung argues in its sur-reply that the requests should be limited to Samsung only, and not include Samsung Korea because ZeniMax failed to offer support for its conclusory statement that Samsung has a close working relationship with Samsung Korea.

Sur-Reply 1, ECF No. 14. Furthermore, Samsung argues that it has demonstrated undue burden or expense by specifically detailing the manner and extent of burden and providing an accompanying declaration, and therefore, asks the Court to protect it from the significant expense resulting from compliance. *Id.* 4, ECF No. 14.

"When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of [Federal Rule of Civil Procedure] 26(b)(1)." *Gaedeke Holdings VII, Ltd. v. Mills*, No. 3:15-MC-36-D (BN), 2015 WL 3539658, at *3 (N.D. Tex. June 5, 2015) (citing *Williams v. City of Dall.*, 178 F.R.D. 103, 110 (N.D. Tex. 1998)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[T]he threshold for relevance in discovery is low." *Mfrs. Collection Co. v. Precision Airmotive, LLC*, No. 3:12-CV-853-L, 2014 WL 2095367, at *1 (N.D. Tex. May 20, 2014) (citation omitted).

"The moving party has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (internal quotation marks and citation omitted); *see also Heller v. City of Dall.*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) ("A party resisting discovery must show specifically how each . . . request is overly broad, unduly burdensome, or oppressive. . . . This requires the party resisting discovery to show how the requested discovery was overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. . . . Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." (citing *Merrill v. Waffle House*, Inc., 227 F.R.D. 475, 477 (N.D. Tex. 2005); *S.E.C. v.*

*Brady*, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484-86 (5th Cir. 1990))). Because Samsung is not a party to the underlying action, the Court may also consider Samsung's inconvenience and expense in complying with the subpoena. *See Wiwa*, 392 F.3d at 818 ("[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." (citations omitted)). "[C]ourts have used a multi-step inquiry to determine the equity of shifting costs, the factors of which include: (1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear its costs than the requesting party; and (3) whether the litigation is of public importance." *Andra Grp., L.P. v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 458 (N.D. Tex. 2015) (internal quotation marks and citations omitted).

Upon consideration of the foregoing, the Court finds that the subpoena seeks relevant information and that ZeniMax is entitled to the information sought as narrowed by the parties' agreement. Samsung shall comply with the subpoena within 3 weeks of the entry of this Order. While Samsung asks the Court to exclude responsive information in Samsung Korea's possession on the ground that ZeniMax failed to show that Samsung has control over those documents, as ZeniMax points out, Samsung is the U.S. division of Samsung Korea. Reply 1 n.1, ECF No. 11. Samsung cities *Goh v. Baldor Elec. Co.*, No. 3:98-MC-64-T (BF), 1999 WL 20943, at *2 (N.D. Tex. Jan. 13, 1999) in support of its argument that ZeniMax failed to meet its burden of showing that Samsung has control over the documents in Samsung Korea's possession, but the Court also stated in that case that the "discovery dispute d[id] not deal with a parent corporation/wholly owned subsidiary situation" and distinguished a case cited by the plaintiff in that case where "the court determined that documents in actual possession of a non-party foreign parent were within the

litigating subsidiary's custody and control." *Id.* at *3; Resp. 6-7, ECF No. 6. Therefore, the Court declines to so limit the scope of the information as Samsung seeks. However, the Court finds that Samsung has demonstrated undue expense of complying with ZeniMax's requests by providing details of the expense and an accompanying affidavit. *See* Resp. 13-16, ECF No. 6; Flournoy Decl., ECF No. 6-1. Therefore, consistent with the District Court's Order on other non-party subpoenas in the underlying case, the Court orders Plaintiffs and Defendants to equally bear the costs associated with the instant non-party subpoena. *See* Order 2-3, ECF No. 638; No. 3:14-CV-1849-K. Any other request not specifically granted herein in connection with ZeniMax's Motion to Compel is denied.

SO ORDERED, this 27th day of October, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE